(C.D. 3442)

DAVID CHOW & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 6, 1968)

*Stein & Shostak* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO, FORD, and BECKWORTH, Judges

FORD, Judge: The above case has been submitted on a written stipulation reading as follows:.

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protest enumerated in the annexed Schedule, which is incorporated herein:

1. That the merchandise represented by the items marked "A" and initialed IT by Irwin Teres on the invoices accompanying the entry covered by the protest enumerated in the attached Schedule, assessed with duty at 42½% ad valorem under Par. 1529 of the Tariff Act of 1930 and claimed properly dutiable at only 20% ad valorem under Par. 1530(e) of said Act at modified by T.D. 51802, consists of rayon embroidered slippers which:

(a) are footwear

(b)  have leather soles

(c)  have uppers composed wholly or in chief value of rayon

2.  That this protest may be deemed submitted on this stipulation and the record thus made.

Accepting the foregoing stipulation of fact, we find and hold that the articles of merchandise marked "A" and initialed on the invoice by the designated commodity specialist consist of rayon embroidered slippers which are footwear, have leather soles, and have uppers composed wholly or in chief value of rayon. Since paragraph 1529(a) excludes merchandise covered by paragraph 1530(e), the involved merchandise is, therefore, properly dutiable at the rate of 20 per centum ad valorem under the provisions of paragraph 1530(e), Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.

Judgment will be entered accordingly.